IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Wesley O. Terrill,<br><br>                        Plaintiff,<br><br>    vs.<br><br>Limestone College and<br>President Walt Griffin,<br><br>                        Defendants. | Civil Action No. 7:17-943-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' partial motion to dismiss (doc. 5). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

**PROCEDURAL HISTORY**

The plaintiff, who is an African American male, began working for the defendant Limestone College in August 2011 as an Assistant Director for Extended Campus Classroom ("ECC"). Additionally, the plaintiff served as a Course Instructor, Academic Advisor, and Site Representative (doc. 1, fed. compl. ¶¶ 4, 7-8). The plaintiff was given notice on March 30, 2017, that his employment was terminated effective April 3, 2017 (*id.* ¶ 30).

On December 21, 2016, the plaintiff filed a state court action against defendants Limestone College and President Walt Griffin, in his official capacity, asserting claims for breach of contract, breach of contract with fraudulent intent, and retaliation, with all claims surrounding the terms of his employment with Limestone College (doc. 5-1, state compl.).

Specifically, in his breach of contract cause of action, the plaintiff alleged that the defendants breached their contract with him by allowing Area Coordinators to receive higher compensation than him when he was clearly in a position of higher ranking; by significantly reducing his job duties as Assistant Director for ECC, which caused him to lose credited work time and income; and by advocating for and allowing the plaintiff's counterparts to maintain their positions in other departments along with their corresponding salaries while depriving him of some $10,000 in compensation under his contract with the defendants. The plaintiff alleged the defendants' conduct, by and through their agents, was done in bad faith and breached the implied covenant of good faith and fair dealing in the employment contract (*id.* at 7-8).

In his breach of contract with fraudulent intent cause of action, the plaintiff reiterated his claims noted above, adding that the defendants sought out and fraudulently breached the agreement, that he was maligned, and the defendants acted in a malicious, deliberate, intentional way, and with a deliberate indifference to his rights (*id*. at 8-9). Further, in his retaliation cause of action, the plaintiff alleged that Donna Hudson (Director of ECC) and Dr. Mark Reger (Dean of ECC) participated in a common design through concerted efforts to retaliate against him for his unintentional failure to disclose when an ECC vehicle trade had gone through and the plaintiff's subsequent attempt to seek redress from his superiors regarding a hostile work environment (*id.* at 10-11).

On March 15, 2017, the plaintiff stipulated to the dismissal of the state court action *with prejudice* pursuant to South Carolina Rule of Civil Procedure 41 (doc. 5-2, stip. of dismissal). On April 12, 2017, the plaintiff filed his complaint in federal court in this action, alleging causes of action for race discrimination and retaliation in violation of 42

U.S.C. § 1981 and violation of the Family and Medical Leave Act ("FMLA").[1]  On May 8, 2017, the defendants filed the motion to dismiss *in part* now before the court (doc. 5).  The plaintiff filed a response in opposition on June 27, 2017 (doc. 14), and the defendants filed a reply on July 5, 2017 (doc. 16).

## **APPLICABLE LAW AND ANALYSIS**

The defendants argue that the plaintiff's claims, with the exception of the FMLA claim, are barred by *res judicata* and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The undersigned agrees. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Because the plaintiff's state court action was adjudicated under South Carolina law, the law of South Carolina controls the determination of whether *res judicata*, also called claim preclusion, bars the plaintiff's claims. *Marrese v. Am. Acad. of Orthopaedic*

---

[1] The attorneys representing the plaintiff in this federal action also represented the plaintiff in the state court action.

*Surgeons*, 470 U.S. 373, 380 (1985) ("The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.' This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." (quoting 28 U.S.C. § 1738)).

> Under South Carolina law,
>
> "Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *S.C. Pub. Interest Found. v. Greenville Cty.*, 401 S.C. 377, 385, 737 S.E.2d 502, 506 (Ct. App. 2013) (quoting *Judy v. Judy*, 393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011)). "[T]he fundamental purpose of res judicata ... is to ensure that 'no one should be twice sued for the same cause of action.'" *Judy*, 393 S.C. at 173, 712 S.E.2d at 414 (quoting *First Nat'l Bank of Greenville v. U.S. Fid. & Guar. Co.*, 207 S.C. 15, 24, 35 S.E.2d 47, 56 (1945)). "The doctrine requires three essential elements: (1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Estridge*, 325 S.C. at 539, 482 S.E.2d at 581 (quoting *Owenby*, 313 S.C. at 183, 437 S.E.2d at 131). "Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)).

*Wilson v. Charleston County Sch. Dist.*, 798 S.E.2d 449, 453 (S.C. Ct. App. 2017), *reh'g denied* (June 23, 2017).[2]

---

[2] The Fourth Circuit similarly applies the "transactional approach" and bars claims that arose from the same transaction or occurrence. *See Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) ("Consistent with the modern trend . . . we have adopted a transaction approach to the identity of claims question . . . '[T]he appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'").

Here, it is undisputed that the first two prongs of the *res judicata* test are met in this case. The plaintiff sued the same two defendants in his state court action as in the instant federal action, and the plaintiff stipulated to dismissal of the state court action *with prejudice,* which "acts as an adjudication on the merits and therefore precludes subsequent litigation just as if the action had been tried to a final adjudication." *Laughon v. O'Braitis*, 602 S.E.2d 108, 111 (S.C. Ct. App. 2004) (citation omitted); *see also Jones v. Wesby*, C.A. No. 5:09-2204-MBS, 2010 WL 3420026, at *5 (D.S.C. Aug. 26, 2010) ("Where the parties agree to dismiss the action 'with prejudice,' that dismissal 'operates as an adjudication on the merits terminating the action and concluding the rights of the parties.'" (quoting *Freeman v. McBee*, 313 S.E.2d 325, 327 (S.C. Ct. App. 1984))).

Accordingly, only the third prong remains at issue. As noted above, under South Carolina law, *res judicata* "bars plaintiffs from pursuing a later suit where the claim (1) was litigated or (2) could have been litigated." *Catawba Indian Nation v. State*, 756 S.E.2d 900, 906 (S.C. 2014) (citation omitted). In determining whether a litigant should have raised a claim in his first suit such that *res judicata* bars the claim in a subsequent suit, South Carolina courts have utilized at least four tests in determining whether a claim should have been raised in a prior lawsuit:

> (1) when there is identity of the subject matter in both cases; (2) when the first and second cases involve the same primary right held by the plaintiff and one primary wrong committed by the defendant; (3) when there is the same evidence in both cases; and recently, (4) when the claims arise out of the same transaction or occurrence that is the subject of the prior action.

*Judy v. Judy*, 712 S.E.2d 408, 414 n. 7 (S.C. 2011) (finding that the four tests should be considered "merely as factors rather than rigid, independent tests") (quoting *James F. Flanagan, South Carolina Civil Procedure* 649–50 (2d ed. 1996)).

As argued by the defendants, other than his FMLA claim (doc. 1, fed. compl. ¶¶ 51-57), all of the plaintiff's claims in this action arise from the same transaction or

5

occurrence as those in his state court action. In fact, except for the allegations related to the FMLA claim, the factual allegations in both actions are essentially identical (*compare* doc. 1 *with* doc. 5-1). The plaintiff spends nearly all of his response in opposition to the motion to dismiss seeking to distinguish the allegations in his first action he filed in state court and the present action in an attempt to argue that the "subject matter" of the lawsuits are different. However, a closer examination of the two complaints demonstrates that they are essentially the same. Of the 27 factual paragraphs in the plaintiff's federal complaint, more than 70% (19 of 27) are either exactly or substantially identical to factual allegations in the state complaint (*compare* doc. 1 *with* doc. 5-1).

In his response, the plaintiff contends that *res judicata* does not apply because the issues determined in his state action differ from the issues presented here. However, as argued by the defendants, the plaintiff appears to confuse the doctrine of collateral estoppel with the broader doctrine of *res judicata* applicable here. In *Catawba Indian Nation v. State*, 756 S.E.2d 900 (S.C. 2000), the court discussed the difference between the doctrines of collateral estoppel and *res judicata*. Collateral estoppel, also known as "issue preclusion," focuses on issues that were: "(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Id*. at 906 (quoting *Carolina Renewal, Inc. v. S.C. Dep't of Transp*., 684 S.E.2d 779, 782 (S.C. Ct. App. 2009)). Importantly, the court recognized that the doctrine of collateral estoppel is inapplicable when the argument turns on an assertion that the other party *should* have litigated a particular claim in the prior action. *Id*. (emphasis in original).

The plaintiff has not suggested that his claims in the instant case could not have been asserted in his state action. As argued by the defendants, given the procedural posture of the state action when the plaintiff dismissed the action *with prejudice*, he could have added his discrimination-based claims in that action by amending his complaint

6

without leave of court or the consent of the defendant. However, the plaintiff chose not to do so and instead stipulated to a dismissal *with prejudice*.

In *Weston v. Margaret J. Weston Med. Ctr.*, C.A. No. 1:05-2518-RBH, 2007 WL 2750216, at *2-3 (D.S.C. Sept. 20, 2007), the Honorable R. Bryan Harwell, United States District Judge, dismissed the plaintiff's federal action alleging a claim under the Age Discrimination in Employment Act, finding it was barred by a prior state court action by the plaintiff against the same defendants alleging contract claims. Judge Harwell found as follows:

> Plaintiff . . . contends that, when applying the elements of *res judicata* set forth in South Carolina case law, the second and third prongs of the test have not been met. In other words, he admits the federal action involves the same parties as the state action, but he asserts that they lack the same subject matter and issues. Plaintiff asserts that the state lawsuit "centered around claims of breach of contract and breach of contract accompanied by fraudulent act" and that the elements of those claims are different from the elements required to prove age discrimination under the ADEA.
>
> The court overrules the objections and finds that the case at bar does concern the same subject matter as the prior state action in that both cases involve the termination of the plaintiff from his employment with the defendants, and the same underlying facts are alleged in both Complaints. *See McLeod v. Sandy Island Corp.*, 264 S.C. 463, 215 S.E.2d 903, 904 (1975) ("There is here identity of parties and of the subject matter in the two proceedings, the subject matter of both being the continuing, indivisible responsibility of the appellant to pay alimony and child support ..."). *See also, Allen v. Greenville County*, 712 F.2d 934 (4th Cir.1983) (Federal civil rights action alleging racial discrimination barred by prior South Carolina state action for breach of contract); *O'Grady v. MCI Telecommunications Corp.*, 103 F.3d 119 (4th Cir.1996) (unpublished) (Title VII action in federal court barred by prior Virginia action for intentional infliction of emotional distress, wrongful termination, and intentional interference with contractual relations); *Briggs v. Newberry County*, 989 F.2d 491 (4th Cir.1993) (unpublished) (federal action under 42 U.S.C. § 1983 barred by prior South Carolina state action regarding contract). In addition, the plaintiff could have raised the ADEA claims in her state court lawsuit and therefore these issues are

7

> barred since they could have been raised in the first lawsuit. *See* 29 U.S.C. § 626(c)(1); *O'Grady v. MCI Telecommunications Corp*. (applying *res judicata* although right to sue letter had not been received from EEOC).

*Id.* at *2. *See also Zimmerman v. College of Charleston*, C.A. No. 2:12-505-DCN, 2013 WL 4523585, at *5-6 (D.S.C. Aug. 26 (2013) (finding plaintiff's Title VII claims were barred by *res judicata* as they could have been brought in her state court action that alleged grossly negligent supervision and defamation).

The same analysis applies to the instant case. The plaintiff could have brought his federal non-FMLA claims in his state court action. The same right alleged by the plaintiff (the terms and conditions of his employment) and alleged wrong by the defendant (allegedly changing those terms and conditions in a manner that harmed the plaintiff) are identical in both actions. Further, the plaintiff's non-FMLA claims in this action arise from the same transaction or occurrence as those in his state court action. As these claims should have been raised in the state court case, they are now barred by *res judicata*.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' partial motion to dismiss (doc. 5) be granted, with only the plaintiff's FMLA cause of action remaining pending before this court.

IT IS SO RECOMMENDED.

s /Kevin F. McDonald
United States Magistrate Judge

August 15, 2017
Greenville, South Carolina